UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Derrick Jerome Spencer, | Case No. 23-cv-219 (MJD/LIB) |
| Plaintiff, | |
| v. | REPORT AND RECOMMENDATION |
| United States Federal Bureau of Prisons; Merrick Garland, Attorney General; Collette Peters, FBOP Director; B. Eischen, Warden; K. Winger, Unit Manager; J. Kozulla, Case Manager, | |
| Defendants. | |

This matter comes before the undersigned United States Magistrate Judge pursuant to general assignment made in accordance with the provision of 28 U.S.C. § 636.

Plaintiff Derrick Jerome Spencer, a prisoner, filed this civil rights action pursuant to 42 U.S.C. § 1983. (Compl. [Docket No. 1]). Because Plaintiff is a prisoner, his Complaint is subject to preservice review pursuant to 28 U.S.C. § 1915A even though he paid the full filing fee. See 28 U.S.C. § 1915A(a).

Upon review of Plaintiff's Complaint and for the reasons outlined below, this Court recommends that this action be dismissed for failure to state a claim upon which relief may be granted. 28 U.S.C. § 1915A(b)(1).

Plaintiff alleges that the Defendants have failed to properly apply his First Step Act (FSA) time credits towards his release and pre-release custody dates. (Compl. [Docket No. 1]). According to Plaintiff, he was initially sentenced in this District to a term of imprisonment of 292-months in United States v. Spencer, 7-cr-174(2) (JRT/JJG). He claims his sentence was subsequently reduced to 240 months and that he is eligible to receive time credits under the FSA.

Plaintiff contends that as of January 11, 2023, he had earned 490 days of time credits under the FSA: 365 days of credit towards early release and 125 days towards placement in either a residential re-entry center (RRC) or home confinement. (Compl. [Docket No. 1]). According to Plaintiff's Sentence Monitoring Computation Data, his projected release date as currently calculated is November 23, 2024. (Sentence Monitoring Computation Data [Docket No. 1-1] at 1). After accounting for his earned FSA time credits, Plaintiff claims his updated projected release date is November 23, 2023,[1] and his updated pre-release custody date pursuant to 18 U.S.C. § 3624(c) is May 23, 2023. (Compl. [Docket No. 1] at 4).

Plaintiff contends that the Defendants have failed to properly apply his remaining 125 time credits towards his pre-release custody date. According to Plaintiff, he qualifies for these credits to be applied to his sentence because he has been determined to be at low risk of recidivism pursuant to his last two reassessments. (Compl. [Docket No. 1] at 5). Plaintiff contends that if these credits had been properly applied to his pre-release custody date, he would have—and should have—been released to home confinement on January 18, 2023. (Id.).

Plaintiff requests money damages and, to the extent possible, to be placed in pre-release custody.

Pursuant to 28 U.S.C. § 1915A, the Court must dismiss a prisoner's complaint, or any portion of the complaint, if it contains claims that (1) are frivolous, malicious, or fail to state a claim upon which relief may be granted or (2) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

---

[1] The public-facing Bureau of Prisons (BOP) inmate locator reflects that Plaintiff has a projected release date of November 24, 2023. Federal Bureau of Prisons, Inmate Locator, https://www.bop.gov/inmateloc/ (last accessed March 20, 2023).

2

In determining whether a complaint states a claim, the Court must accept as true all the factual allegations in the complaint and draw all reasonable inferences in the plaintiff's favor. Gorog v. Best Buy Co., 760 F.3d 787, 792 (8th Cir. 2014). The factual allegations need not be detailed, but they must be sufficient "to raise a right to relief above the speculative level." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). Further, the complaint must "state a claim to relief that is plausible on its face." Id. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Twombly, 550 U.S. at 556). Although pro se complaints, such as this one, are entitled to a liberal construction, Erickson v. Pardus, 551 U.S. 89, 94 (2007), they must nevertheless contain specific facts in support of the claims it advances. Martin v. Sargent, 780 F.2d 1334, 1337 (8th Cir. 1985).

At bottom, Plaintiff's Complaint fails because he names federal government agencies and federal employees as defendants in his section 1983 action. To state a claim under 42 U.S.C. § 1983, however, "a plaintiff must allege a violation of a constitutional right committed by a person acting under color of state law." Andrews v. City of West Branch, Iowa, 454 F.3d 914, 918 (8th Cir. 2006). By its terms, therefore, 42 U.S.C. § 1983 does not apply to the federal government or its employees acting under federal law. Because Plaintiff only names federal agencies and federal employees as defendants, Plaintiff's section 1983 claims fail as a matter of law.

Recognizing that pro se complaints are to be construed liberally, Estelle v. Gamble, 429 U.S. 97, 106 (1976), this Court considers whether Plaintiff has established a so-called "Bivens" action based on his term of incarceration being unconstitutional in its duration. Under Bivens, federal officials may be liable for their own constitutional torts. Bivens v. Six Unknown Named Agents, 403 U.S. 388, 389 (1971).

3

Here, Plaintiff requests money damages and, "to the extent possible," an order directing him to be placed in pre-release custody. (Compl. [Docket No. 1] at 6). Pursuant to Heck v. Humphrey, 512 U.S. 477 (1994), however,

> [T]o recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983.

Id. at 486–87.

Plaintiff does not—and cannot—allege that his underlying conviction or sentence has been invalidated. Although Heck expressly discusses § 1983 claims, the United States Court of Appeals for the Eighth Circuit has applied Heck to Bivens actions. See Spencer v. United States Dep't of Justice, No. 20-cv-2226 (NEB/TNL), 2021 WL 717820 (D. Minn. Feb. 24, 2021); Washington v. Sorrows, 107 F.3d 876, 1997 WL 71670 at *1 (8th Cir. 1997) [Table Disposition] (applying Heck to a Biven's action, finding that Heck "did not rest on any consideration unique to section 1983, and Biven's is 'the federal law analogous to § 1983'") (quoting Vennes v. An Unknown Number of Unidentified Agents, 26 F.3d 1448, 1452 (8th Cir. 1994). Accordingly, even as construed as a claim under Bivens, Plaintiff's claims are nevertheless barred by Heck. [2]

---

[2] The court need not consider whether to construe Plaintiff's claims as habeas proceedings because courts view habeas claims requesting earlier transfer to home confinement as challenges to the prisoner's place of confinement. See United States v. Houck, 2 F.4th 1082, 1085 (8th Cir. 2021) (discussing home confinement as a place of confinement); see also Williams v. Birkholz, Case No. 20-cv-2190 (ECT/LIB), 2021 WL 4155614, at *6 (D. Minn. July 20, 2021) ("A prisoner is transferred to home confinement not released to home confinement because home confinement is a place of incarceration."), report and recommendation adopted, 2021 WL 4155013 (D. Minn. Sept. 13, 2021). Thus, Courts do not construe claims requesting earlier release to home confinement as cognizable habeas claims because they do not concern the fact or duration of a prisoner's confinement. See Jorgensen v. Birkholz, No. 20-cv-2349 (NEB/DTS), 2021 2935641, at *1 (D. Minn. July 13, 2021). Further, as Courts in this District have repeatedly held, the BOP has exclusive authority to determine the placement of prisoners under 18 U.S.C. § 3624(c)(2), including their placement

Therefore, based on the foregoing, and on all of the files, records, and proceedings herein,

**IT IS HEREBY RECOMMENDED THAT** Plaintiff Derrick Jerome Spencer's Complaint, [Docket No. 1], be **DISMISSED without prejudice**.

Dated: March 22, 2023   s/Leo I. Brisbois
Hon. Leo I. Brisbois
United States Magistrate Judge

# NOTICE

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. Local Rule 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in Local Rule 72.2(c).

---

in home confinement. See Garcia v. Eischen, No. 22-cv-444 (SRN/BRT), 2022 WL 4084185, at *2 (D. Minn. Aug. 16, 2022) (collecting cases); see also Williams, 2021 WL 4155614, at *3 (D. Minn. July 20, 2021) ("[I]t is the BOP—not the courts—who decides whether home detention is appropriate.").